IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEDAYAH TYLER, et al, | ) |
| | ) |
| Petitioners, | ) |
| | ) CIVIL ACTION NO. 20-969 |
| v. | ) |
| | ) MAGISTRATE JUDGE DODGE |
| ALLEGHENY COUNTY and | ) |
| UNITED STATES, | ) *(Electronically Filed)* |
| | ) |
| | ) |
| Respondents. | ) |

**THE UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION**

On May 21, 2013, 15-month old Marcus White, Jr. was tragically shot and killed at a local cookout. Seven years later, his family is clearly frustrated that the case remains unsolved. In their Petition, they accuse local law enforcement, the Allegheny County District Attorney's office, and the ATF of withholding information from them, failing to solicit their input at critical times, bungling the investigations and prosecutions of two other mass shootings, and entering into an agreement with the individual who purportedly confessed to Baby Marcus's murder. Their indignation is understandable; Petitioner Jameela Tyler lost her infant son; Petitioners Shedayah Tyler and Kadejiah Tyler were each critically wounded by the gunfire; it took seven-plus years to bring any charges for the shooting; and they claim to have been left in the dark for much of that period.

But their frustration and their Petition – at least as it applies to the United States – is misdirected and must be dismissed. As explained further below, the United States has not: a) brought federal charges related to Baby Marcus's murder or the 2013 shooting; b) entered into any agreement with Baby Marcus's alleged killer; or c) prosecuted the other mass shootings described

1

in the Petition. To the contrary, local authorities have led the investigation and prosecution of the 2013 shooting, as well as the 2015 and 2016 mass shootings. As a result, there is no basis to claim Petitioners are "victims of a federal offense" under the federal Crime Victims' Rights Act of 2004 ("FCVRA"), 18 U.S.C. § 3771; that the United States violated Petitioners' rights under that statute; or that the United States somehow violated Petitioners' Constitutional rights under the Fourteenth Amendment. And even if there were such a basis, the FCVRA does not authorize a standalone cause of action, and the United States is not subject to suits (like this one) brought under 42 U.S.C. § 1983 ("Section 1983"). Thus, this Court should dismiss the Petition under Rules 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim.

## II. BACKGROUND

### a. Petitioners' Allegations

In their Petition, Petitioners claim that – over the course of the past seven years – Respondents Allegheny County (the "County") and the United States have repeatedly violated their rights under the FCVRA, the Pennsylvania Crime Victims Act ("PCVA"), 18 P.S. § 11.101, and the Fourteenth Amendment. (*See*, *generally*, Dkt. No. 1.) More specifically, Petitioners allege that – since the May 2013 shooting that killed Baby Marcus, and injured Petitioners Shedayah Tyler and Kadjiah Tyler – Respondents have collectively failed to provide them "with any information about the status of the case ... [or] asked for [their] input regarding the investigation and prosecution of [the] matter," and generally failed to "protect them from the accused." (*Id*. ¶¶ 34, 69.) Among other things, Petitioners claim they were not told that Pittsburgh police arrested an individual named Gregory Parker in 2016 (*see id*. ¶ 40); that the County District Attorney's Office (the "DA") and ATF agent Neil Carman questioned Mr. Parker regarding multiple shootings in the area, that Mr. Parker "possessed information related to the 2013 shooting involving Petitioners" and that he "may have been the individual responsible for murdering Baby

Marcus" (*id*. ¶ 49); and that Respondents entered into "non-prosecution and/or immunity agreements with suspects" – including Mr. Parker – "in exchange for information related to other crimes." (*Id*. ¶¶ 52, 61.)

At the same time, Petitioners allege the DA mismanaged the prosecution of two other, high-profile shooting cases: a 2015 shooting at a local vigil (for which Mr. Parker was originally arrested, in 2016), and the 2016 mass shooting in Wilkinsburg that left six people dead. Petitioners argue that a series of prosecutorial errors in the latter case, including an alleged failure to disclose Mr. Parker's cooperative statements, caused both defendants to escape conviction. (*See id*. ¶¶ 36-41, 45-50, 55-62.) And, as a result, Petitioners claim to have "no trust" in the DA, and ask this Court to compel Respondents to "comply with the provisions of the FCVRA and PCVA," to order the "reopening of the investigation related to all potential suspects of the Baby Marcus shooting," and to reassign the investigation and prosecution to the United States or Pennsylvania Attorney General's office. (*Id*. ¶ 60; *see also id*. at 15, 17.)

### b. Procedural History

Petitioners filed the instant Petition on June 29, 2020, just days after local authorities arrested Mr. Parker for the 2013 shooting that killed Baby Marcus, and charged him with – among other things – criminal homicide, criminal conspiracy, and four counts of aggravated assault. (*See*, *generally*, Dkt. No. 1; *see also* https://triblive.com/local/pittsburgh-allegheny/police-wilkinsburg-man-charges-in-2013-shooting-death-of-baby-marcus-white-jr/.) Petitioners served the United States with their Petition on July 2, 2020, and the United States now timely moves to dismiss the Petition pursuant to Rules 12(b)(1) and 12(b)(6). *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6); *see also* Fed. R. Civ. P. 4(i) & 12(a)(2).[1]

---

[1] On August 8, 2020, Allegheny County, Pennsylvania District Attorney Stephen A. Zappala Jr., and the Allegheny County District Attorney's Office moved to intervene in this action.

**III.    STANDARD OF REVIEW**

A Rule 12(b)(1) motion "challenges a court's subject matter jurisdiction over the plaintiff's claims," and "very power to hear the case." *McCluskey v. United States*, No. 10-694, 2010 WL 4024717, at *3 (W.D. Pa. Oct. 12, 2010) (quotations and citations omitted). Such attacks can be either facial or factual; in the latter instance, "the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself the jurisdictional issues raised in the motion to dismiss." *Id*. at *8. Here, the United States levies a facial attack to the Petition. Respondents bear the burden of rebutting that attack, and demonstrating the existence of subject matter jurisdiction. *See Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995); *see also DeGenes v. Murphy*, No. 07-1370, 2008 WL 450426, at *2 (W.D. Pa. Feb. 15, 2008).

A Rule 12(b)(6) motion questions whether the plaintiff presents a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6). In ruling upon such a motion, the Court must accept all well-pled facts as true, disregard any legal conclusions, and determine whether the complaint includes "sufficient factual matter" to create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 663 (2009); *see also Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007); *Day v. Fed. Bureau of Prisons*, 233 F. App'x 132, 133 n. 2 (3d Cir. 2007). The Court may also consider "matters of public record and other matters of which a court may take judicial notice …

---

(*See* Dkt. Nos. 4 & 5.)  Petitioners filed a response to said motion on August 24, 2020.  (*See* Dkt. No. 7.)

exhibits attached to the complaint … [and] indisputably authentic documents." *Whiteford v. Pennsylvania*, No. 12-55, 2012 WL 4076190, at *6 (W.D. Pa. Aug. 13, 2012).[2]

Here, Petitioners do not – and cannot – plead a viable claim against the United States related to the Baby Marcus investigation or prosecution.

IV. **ARGUMENT**

    a. **This Court Lacks Subject Matter Jurisdiction Over Petitioners' Section 1983 Claims Against the United States**

Petitioners bring a pair of Section 1983 claims against the United States. (*See* Dkt. No. 1 at Counts I & II.)[3] But, "it is well understood that the United States and its agencies are not proper parties to Section 1983 actions." *Kawam v. United States*, No. 2:14-cv-06330, 2015 WL 4138997, at *3 (D.N.J. July 9, 2015) (citing *Lomax v. U.S. Senate Armed Serv. Committee*, 454 F. App'x 93,

---

[2] A court may also convert a Rule 12(b)(6) motion into a Rule 56(a) motion for summary judgment, provided the respondent receives notice and opportunity to present rebuttal material to the court. *See Latham v. United States*, 306 F. App'x 716, 718-19 (3d Cir. 2008); *Harris v. Fed. Bureau of Prisons*, No. 16-235, 2018 WL 8895810, at *1, 3, 6 (W.D. Pa. Aug. 10, 2018) (recommending summary judgment where motion to dismiss attached materials outside the pleadings). Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). That is, Rule 56(a) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The plaintiff cannot merely rest on allegations in his complaint. *See id.* at 324. To defeat a motion for summary judgment, "the nonmoving party must adduce more than a mere scintilla of evidence in his favor." *Williams v. Borough of Chester*, 891 F.2d 458, 460 (3d Cir. 1989). Because the United States argues below that it has not charged Mr. Parker or anyone else with a federal crime related to the 2013 shooting, the Court may regard this as a Rule 56(a) motion and allow Petitioners to provide evidence to the contrary.

[3] Section 1983 "does not create substantive rights, but provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Hammonds v. Templeton*, No. 14-514, 2015 WL 106618, at *2 (W.D. Pa. Jan. 7, 2015) (citing *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004)). "To prevail under [Section] 1983, a plaintiff must prove that he suffered the deprivation of a right secured by the United States Constitution or federal law, by a *person* acting under color of *state* law." *Id.* (emphasis added) (citing *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013)).

95 (3d Cir. 2011)); *Stonehill v. United States*, No. 06-5435, 2009 WL 2004385, at *9-10 (D.N.J. July 6, 2009). Indeed, the "Third Circuit has held that 'the United States and other governmental entities are not persons within the meaning of Section 1983,'" and cannot be sued under that statute. *Fountain v. United States*, 605 F. Supp. 2d 608, 612 (D. Del. 2009) (quoting *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970)). Therefore, this Court lacks subject matter jurisdiction over any Section 1983 claim against the United States, and should dismiss Counts I and II, with prejudice. *See id*.

### b. Even if the Court Had Subject Matter Jurisdiction, the Petition Fails to State a Plausible Claim for Relief

As noted above, Plaintiff's Section 1983 claims are based on the United States' alleged failure to comply with the FCVRA and the Fourteenth Amendment. (*See*, *generally*, Dkt. No. 1 ¶ 69(a)-(f).) Petitioners allege the United States learned years ago – presumably through ATF Agent Carman – that Mr. Parker was responsible for (or at least in involved in) the 2013 shooting; that it never informed Petitioners of that development, and did not prosecute Mr. Parker or any other suspect for their role in the 2013 shooting; and that the United States stood by as the County entered into some sort of non-prosecution/immunity agreement with Mr. Parker, and the other 2015 and 2016 mass-shooting cases fell apart. (*See id*. ¶¶ 40, 50, 52-62.) Based on that alleged conduct, Petitioners bring two Section 1983 claims against the United States: i) "deprivation of civil rights" under the FCVRA; and ii) a violation of Petitioners' "Constitutional rights" under the Fourteenth Amendment. (*Id*. ¶¶ 66-75.) But, as demonstrated below, each of those claims is substantively flawed and must be dismissed under Rule 12(b)(6).

### i. Count I Fails to State a Claim for Any Violation of the FCVRA

Petitioners' Count I, which is based on an alleged violation of the FCVRA and related, but unspecified, violations of Petitioners' "Constitutional rights," immediately fails for three reasons.

First, the FCVRA allows federal crime victims to assert their rights via motion – typically in a pending criminal proceeding. *See* 18 U.S.C. § 3771(d)(6). It does *not* authorize an entirely separate cause of action, like the one instituted here. *See Cunningham v. United States DOJ*, 961 F. Supp. 2d 226, 241 (D.D.C. 2013) ("No judicial relief may be had under the [F]CVRA because the statute does not allow a private party to sue for enforcement.") In fact, the FCVRA explicitly *precludes* "a cause of action for damages," 18 U.S.C. § 3771(d)(6), and courts have found that individuals cannot bring a separate cause of action to compel prosecution. *See*, *e.g.*, *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 607211, at *2 (D.N.J. Feb. 6, 2020).

Second, because the United States has not charged Mr. Parker (or anyone else) for the 2013 shooting, the FCVRA has not "been triggered," and Petitioners presently have no rights under that statute. *See Cunningham*, 961 F. Supp. 2d at 241 ("[B]efore the statute is available for recompense, the victim of a crime must establish that an official charging instrument was issued, or a conviction was obtained, against the perpetrator of the crime."); *Barber v. Krepp*, No. 1:15-cv-83, 2017 U.S. Dist. LEXIS 227730, at *12-13 (M.D. Ga. Aug. 15, 2017) (dismissing plaintiff's FCVRA claim because he "failed to allege that any party who harmed him was 'accused' by the [federal] government of conduct victimizing [him]") (no Westlaw citation available). Contrary to the allegations in the Petition, victims' rights under the FCVRA do *not* attach until the United States "charge[s] or otherwise commence[s] criminal proceedings against" the accused.[4] Consequently, Petitioners cannot seek relief under that statute, and their claim fails.

---

[4] In April of this year, the Eleventh Circuit overturned the District Court decisions cited by Petitions in their Petition. *See In re Wild,* 955 F.3d 1196 (11th Cir. 2020); *cf* Dkt. No. 1 ¶¶ 15-18.

Third, while Petitioners were clearly the victims of a heinous crime, there is no allegation they were victims of a *federal* crime.  Thus, they cannot be considered "crime victims" under the FCVRA, and have no rights under that statute.  *See In re Ippolito*, 811 F. App'x 795, 797 (3d Cir. 2020) ("[W]e have not been presented with evidence that anyone other than Ippolito has concluded that he may be the victim of a 'Federal offense'; and one does not acquire status under the [F]CVRA based on his own say so."); *In re Burgess*, 739 F. App'x 169, 171 (3d Cir. 2018); *Lewen v. Edinboro Univ. of Pennsylvania*, No. 10-164, 2011 WL 4527348, at *5 (W.D. Pa. Sept. 28, 2011) ("Plaintiff does not allege that any federal criminal prosecution ever took place with respect to any of the events described in her Complaint"); *Buckley v. Wagstaffe*, No. 15-cv-06231-DMR, 2016 WL 2641541, at *4 (N.D. Cal. May 10, 2016) (dismissing Section 1983 claim because the plaintiff did not plead sufficient facts to show he was the victim of a federal offense; as the court noted, the perpetrator was "charged with a state, rather than a federal crime").  Indeed, even if this Court accepted Petitioners' argument, and held that FCVRA rights attach before any federal criminal *charge* is filed, it is unclear what the applicable federal offense would be.  Unlike the Epstein-related matter referenced in the Petition (or other cases in which a District Court classified individuals as "crime victims" before any "formal prosecution" commenced), there is no allegation here of some open, federal investigation into the Baby Marcus shooting.  *See In re Ippolito*, 811 F. App'x at 797 n. 7 (distinguishing cases from other Circuits).  Therefore, there is no basis to proceed under the FCVRA, and this Court should dismiss Count I.[5]

---

However, on August 7, 2020, the Eleventh Circuit granted a petition for rehearing *en banc* and vacated that earlier opinion.  *See* No. 19-13843, 967 F.3d 1285 (11th Cir. Aug. 7, 2020).  In any event, the S.D. Fla. decisions cited in the Petition are not binding on this Court.

[5] In addition, Petitioners cannot use the FCVRA to compel the United States to prosecute Gregory Parker, or any other individual, for the 2013 shooting.  *See*, *e.g.*, *In re Womack*, 609 F. App'x 59, 60 (3d Cir. 2015) ("Even if we believed prosecution to be appropriate ... we cannot order their prosecution as some form of relief to [petitioner] because nothing in the [F]CVRA

### ii.     Count II Likewise Fails to State a Claim for Any Violation of the Fourteenth Amendment

Petitioners also fail state a plausible claim for relief under the Fourteenth Amendment. In their Petition, they confusingly allege that the United States and the County were "deliberately indifferent" to their "Constitutional rights" under the FCVRA and PCVA, and "interfered" with Petitioners' rights under the Fourteenth Amendment. (Dkt. No. 1 ¶¶ 70-75.) But they do not explain: a) which of their 14th Amendment rights were impacted; or b) how, exactly, the United States "interfered" with those rights.[6] Presumably, however, Petitioners believe the United States should have taken certain investigatory or prosecutorial actions regarding the 2013 shooting, and relayed whatever Mr. Parker told the ATF agent after his arrest, and that, by not doing so, the United States violated Petitioners' due process rights under the Fourteenth Amendment. But, as explained below, there are two insurmountable problems with that claim.

First, the Fourteenth Amendment "does not apply to the federal government." *Spence v. Balchon*, No. 2:16-cv-00357-LPL, 2019 WL 2358454, at *4 (W.D. Pa. Apr. 11, 2019) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)). And second, even if it did, similar claims have been

---

'shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction'") (quoting 18 U.S.C. §3771(d)(6)); *United States v. Nix*, 256 F. Supp. 3d 272, 278-79 (W.D.N.Y. 2017) ("Courts have interpreted [the FCVRA] as precluding crime victims' demands that the United States Attorneys undertake certain prosecutions"). Thus, to the extent the Court allows some portion of the Petition to go forward (and it should not), it should strike Petitioners' request to order the prosecution of the 2013 shooting by the United States Attorney General's office. (*See* Dkt. No. 1 at 16.)

[6] The Fourteenth Amendment generally allows for both equal protection and due process claims. To state a viable equal protection claim, a plaintiff must allege: 1) the defendant treated him differently from others similarly situated; and 2) the defendant did so intentionally, and there was no rational basis for the difference in treatment. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). The Petition lacks any of those particular allegations. There is, for example, no mention of any "similarly situated" individuals who were treated differently by the United States (or the County). Thus, it appears Petitioners are attempting to plead some sort of due process claim.

squarely rejected; there is no due process right to the prosecution of another person, or to receive updates on a criminal investigation/prosecution. *See Hansen v. Police Dep't of Salt Lake City Corp.*, No. 2:15-cv-00722, 2017 WL 8950432, at *3 (D. Utah Sept. 6, 2017) ("Plaintiff does not have a constitutional right to, or in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person") (collecting Supreme Court cases). In *Hansen*, the plaintiff alleged he was "blindly struck in the face by an unknown assailant," and suffered "numerous bruises, abrasions, and a broken nose" as a result. *Id.* at *2. He argued that, by failing to respond to a prior incident, adequately investigate the incident, or identify and arrest the assailant, the Salt Lake City police did not protect him and "deprived [him] of the opportunity to pursue a civil lawsuit. *Id.* The court found that plaintiff failed to state a plausible claim for relief under Section 1983, because the Fourteenth Amendment's due process clause did not "create an affirmative duty on the part of the state 'to protect the life, liberty, and property of its citizens against invasion by private actors," and cannot compel investigation, arrest, or prosecution of a particular person. *Id.* at *3-4. Here, Petitioners appear to make a similar claim, and seek similar relief. But the Fourteenth Amendment does not guarantee Mr. Parker's prosecution or Petitioners' receipt of criminal discovery. And this Court cannot use that Amendment to compel the United States to investigate or charge anyone for the 2013 shooting. Consequently, Petitioners' Fourteenth Amendment claim also fails, and this Court should dismiss Count II with prejudice.[7]

---

[7] Finally, to the extent Petitioners attempt to bring either claim against the United States for a purported violation of the PCVA, the doctrine of sovereign immunity bars such claims. *See Stonehill*, 2009 WL 2004385, at *9 (explaining that "the United States, its agencies, or departments cannot be sued ... unless it expressly consents to be sued," and that "sovereign immunity cannot be implied and must be unambiguously expressed"). At the same time, Petitioners' claims also cannot move forward as a *Bivens* action. First, the United States is immune from such actions. *See Banks v. United States Marshall Serv.*, No. 15-127, 2016 WL 1394354, at *5 (W.D. Pa. Feb. 16, 2016) (citing *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979)). And second, because the FCVRA specifically precludes a private cause of action for any violation of the statute, the Court

V.      CONCLUSION

While the United States sympathizes with Petitioners' plight, their claims here are not cognizable and cannot go forward. Therefore, this Court should dismiss the Petition, with prejudice.

                                               Respectfully submitted,

                                               SCOTT W. BRADY
                                               United States Attorney


                                               */s/ Adam Fischer*
                                               ADAM FISCHER
                                               Assistant U.S. Attorney
                                               Western District of Pennsylvania
                                               Joseph F. Weis, Jr. U.S. Courthouse
                                               700 Grant Street, Suite 4000
                                               Pittsburgh, PA 15219
                                               (412) 894-7343
                                               PA ID No. 314548
                                               *Counsel for Defendant*

---

cannot imply a *Bivens* remedy.  *See Barber*, 2017 U.S. Dist. LEXIS 227730, at *13 (no Westlaw cite available).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2020, a true and correct copy of the foregoing *United States' Memorandum of Law in Support of Motion to Dismiss* was served via electronic filing and/or first-class mail upon the following:

Paul R. Jubas, Esquire
PAUL JUBAS LAW
2334 E Carson St., Fl. 2
Pittsburgh, PA 15203
*Counsel for Petitioners*

Charles J. Porter, Jr.
BRUCKER & PORTER
436 Seventh Avenue
300 Koppers Building
Pittsburgh, PA 15219

*Counsel for Proposed Intervenors Allegheny County, Pennsylvania District Attorney Stephen J. Zappala, Jr., and the Allegheny County District Attorney's Office*

                                   */s/ Adam Fischer*
                                   ADAM FISCHER
                                   Assistant U.S. Attorney